TODD C. BANK
Attorney for Plaintiff
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
TB 6825



CV-05   4998

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----

ARI WEITZNER, M.D., P.C., Individually and on
Behalf of All Others Similarly Situated,

                               *Plaintiff*,

-against-

COMMERCIAL LIGHTING INDUSTRIES, INC.,

                               *Defendant*.

Civ. No.

**CLASS ACTION**
**COMPLAINT**

Plaintiff Demands
Trial by Jury

TOWNES, J.

GO, M.J.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and as a class action on behalf of all persons and entities to which Defendant transmitted one or more facsimiles advertising the commercial availability or quality of property, goods, or services, without having obtained prior express invitation or permission to transmit said facsimiles, other than Defendant, its officers, employees, and representatives, and their families (the "Class"), at any time during the period beginning four years prior to the commencement of this action and continuing until the present (the "Class Period").

2. Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), and the regulation, 47 C.F.R. § 64.1200(a)(3), promulgated thereunder (hereinafter referred to collectively as "TCPA" unless otherwise indicated). Plaintiff seeks, individually and on behalf of the other Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

4. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

## PARTIES

6. Plaintiff, Ari Weitzner, M.D., P.C. ("Weitzner"), was and is at all relevant times herein a professional corporation organized and existing under the laws of the State of New York, which maintains its principal executive office at 7819 Bay Parkway, Brooklyn, New York 11214. Plaintiff is a citizen of the State of New York.

7. Defendant, Commercial Lighting Industries, Inc. ("CLI"), was and is at all relevant times herein, a corporation organized and existing under the laws of California. Defendant maintains its executive offices at 72-650 Dinah Shore Drive, Palm Desert, California 92260. Defendant is a citizen of California.

## FACTS

8. In or about August, 2005, Defendant willfully and knowingly transmitted two facsimiles to Plaintiff that advertised the commercial availability or quality of property, goods, or services.

9. Plaintiff did not give Defendant prior express invitation or permission to transmit the aforementioned facsimiles, thereby rendering them unsolicited.

10. During the Class Period, Defendant transmitted unsolicited advertisements via facsimile to more than 10,000 recipients, of which Plaintiff was one.

11. Defendant did not seek or prior express invitation or permission from any of the

recipients to transmit the facsimiles.

## COUNT I

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "11" inclusive of this Complaint as if fully set forth herein.

13. The transmission of facsimiles to Plaintiff and Members of the Class, as set forth above, violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3).

14. Based upon the foregoing, Plaintiff and Members of the Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

15. Based upon the foregoing, Plaintiff and Members of the Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from transmitting any advertisements in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3).

## CLASS ALLEGATIONS

16. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons and entities to which Defendant transmitted one or more facsimiles advertising the commercial availability or quality of property, goods, or services, without having obtained prior express invitation or permission to transmit said facsimiles, other than Defendant, its officers, employees, and representatives, and their families (the "Class"), at any time during the period beginning four years prior to the commencement of this action and continuing until the present (the "Class Period").

17. The Members of the Class are so numerous that joinder of all Members is impracticable.

18. There are more than 10,000 individuals and entities whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class

Members. Members of the Class have sustained damages arising out of Defendant's wrongful conduct in the same manner that Plaintiff has sustained damages from Defendant's unlawful conduct.

19. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent litigation counsel. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Class. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

20. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

21. Common questions of law and fact predominate over questions which affect only individual Class Members. Among the questions of law and fact common to the Class are:

(i) whether Defendant is subject to the TCPA;

(ii) whether Defendant transmitted unsolicited facsimiles to the Members of the Class;

(iii) whether Defendant's facsimiles were "advertisements" under the TCPA;

(iv) whether Defendant willfully or knowingly violated the TCPA;

(v) whether the Members of the Class are entitled to damages, and, if so, how much; and

(vi) whether the Members of the Class are entitled to injunctive relief.

22.   Plaintiff has alleged the foregoing based upon the investigation of his counsel.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)   Awarding Plaintiff and the other Members of the Class statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) in the amount of $500.00 per violation;

(b)   Awarding Plaintiff and the other Members of the Class additional statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C) in the amount of $1,000.00 per violation in the event that this Court finds that such violations were committed willfully or knowingly;

(c)   Awarding Plaintiff and the other Members of the Class statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C), in the amount of $1,500.00 each;

(d)   Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3); and

(e)   Awarding to Plaintiff the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated:  September 26, 2005

Yours, etc.,

TODD C. BANK
Attorney for Plaintiff
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
TB 6825

_____
TODD C. BANK