UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

ARI WEITZNER, M.D., P.C., et al.,

          Plaintiffs,

                                      ORDER
    - against -
                                       CV 2005-4998 (SLT)(MDG)
COMMERCIAL LIGHTING INDUSTRIES, INC.,

          Defendant.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Plaintiff Ari Weitzner, M.D., P.C. brings this action against defendant Commercial Lighting Industries, Inc. on behalf of himself and all others similarly situated alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. By letter dated April 20, 2007, plaintiff moves to compel defendant's Rule 30(b)(6) witness, Frank Halcovich, to listen to a 45 minute audiotape in order to answer questions at a deposition. See ct. doc. 17. Plaintiff further seeks to recover the costs of bringing this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure.

## DISCUSSION

    At Mr. Halcovich's deposition, plaintiff's counsel asked questions concerning an audiotape made by his investigator, which included recordings of several telephone calls between the investigator and defendant's employees. The audiotape was

produced by plaintiff in discovery and Mr. Halcovich testified that he had listened to the audiotape two or three weeks before his deposition. <u>See</u> ct. doc. 18-2 at 24. In response to some of plaintiff's counsel's questions, Mr. Halcovich testified that he did not remember the substance of the conversations recorded on the audiotape. <u>See</u> <u>id.</u> at 24-29. Plaintiff argues that Mr. Halcovich should be ordered to listen to the audiotape to refresh his recollection but provides no legal authority for his position.

"[A] party is generally entitled to attempt to refresh a witness's recollection, provided that there is a foundation for believing that the witness once had knowledge of the fact as to which his recollection is to be refreshed." <u>United States v. Maldonado-Rivera</u>, 922 F.2d 934, 975-76 (2d Cir. 1990). Moreover, a witness cannot testify to matters outside their personal knowledge. <u>See</u> Fed. R. Evid. 602. Mr. Halcovich testified that he listened to the audiotape "briefly [,] one time." <u>See</u> ct. doc. 18-2 at 28. Here, plaintiff seeks to refresh Mr. Halcovich's recollection about conversations not involving him and of which he has no knowledge but for this litigation. The deponent clearly is not competent to testify about the conversations recorded on the audiotape since they are beyond his personal knowledge. <u>See</u> <u>Laxalt v. McClatchy</u>, 116 F.R.D. 438, 454 (D. Nev. 1987) (denying motion to force deponent to read the

deposition testimony of another party because it could not have refreshed his memory about information within his own knowledge).

In addition, it would be unduly burdensome to compel Mr. Halcovich to listen to the 45 minute audiotape in light of the marginal relevance of any testimony that would be elicited. For example, at the deposition, plaintiff's counsel asked: "Are you aware that Mr. Jacovich told the caller on the audiotape that Commercial Lighting had sent thousands of faxes without getting the recipient's permission beforehand? . . . Would it surprise you if he said that?" See ct. doc. 18-2 at 29. Mr. Halcovich responded that any such statements are against company policy. See id. Asking Mr. Halcovich to confirm on the record that the parties to the audio taped conversations said what they said and to react to those statements would yield evidence that would be inadmissible and/or not relevant to the issues in the case. See Laxalt, 116 F.R.D. at 454 (compelling deponent to review deposition testimony of another party is of marginal relevance); In re Folding Carton Antitrust Litig., 83 F.R.D. 132, 135 (N.D. Ill. 1979) (denying motion to compel that required a comparison of documents some of which the witness had never seen before); Deep South Oil Co. v. Metropolitan Ins. Co., 25 F.R.D. 81, 82 (S.D.N.Y. 1959) (finding improper "asking a witness a series of questions the answers to which he does not know and then directing him to prepare or formulate answers by examining books or records, which answers would then simply amount to

verbalization of what the witness found in the examined books and records").

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is denied, as is his request for sanctions.  In addition, since no further class discovery is warranted, his request for an extension of the deadline is accordingly denied.  However, the schedule for the motion for class certification is extended as follows: moving papers must be served by June 11, 2007, opposing papers by July 11, 2007 and any reply by August 10, 2007.

**SO ORDERED.**

Dated:     Brooklyn, New York
           May 10, 2007

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE